UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RICHARD ALLEN MOORE,** § | |
| § | |
| **Plaintiff,** § | |
| v. § | |
| § | **CIVIL ACTION NO. H-06-2475** |
| **UNITED STATES POSTAL SERVICE,** § | |
| **through JOHN POTTER, POSTMASTER** § | |
| **GENERAL, NATIONAL ASSOCIATION** § | |
| **OF LETTER CARRIERS, AFL-CIO, and** § | |
| **NATIONAL ASSOCIATION OF** § | |
| **LETTER CARRIERS, BRANCH 283,** § | |
| § | |
| **Defendants.** § | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Dismiss filed by the National Association of Letter Carriers, AFL-CIO, and National Association of Letter Carriers, Branch 283. After considering the parties' filings and the applicable law, the Court finds that the motion, entered at Docket Nos. 5 and 7, should be and hereby is **GRANTED**.

### I.  BACKGROUND

This case arises from an unfavorable arbitration award entered against Plaintiff, after he had been suspended and terminated from his job as a postal worker.

Plaintiff Richard Allen Moore was formerly employed as a letter carrier at the Katy, Texas Post Office.[1] Since the beginning of Moore's Postal Service tenure in 1983, no disciplinary actions had previously been taken against him. According to Defendant National Association of Letter Carriers, AFL-CIO ("NALC"), Moore has had Postal Service-approved Family and Medical Leave Act documentation for over six years, and

---

[1] The Court has drawn the facts of the case primarily from the arbitration award ("Award"), attached as Exhibit A to Plaintiff's original Complaint.

1

"[i]t is well known that he ha[d] been taking various medications for his problems" during that time.[2]

In mid-October 2005, Plaintiff had several disputes with a Postal Service supervisor (McIntosh) regarding documentation of his medical situation. According to McIntosh, she was concerned about his operation of vehicles while taking his medications. On October 20, the situation escalated when McIntosh insisted that Moore needed to complete additional medical forms. Moore became upset and agitated, and was taken to the back dock of the Post Office to calm down by union Steward Joseph Garcia and other letter carriers. Supervisor McIntosh went to the back dock to find Moore, at which point she claimed that he stood up, kicked the chair back, cursed her, and raised his hand to strike her. McIntosh raised her hand to defend herself, and Moore hit her forearm and pushed her. McIntosh left the dock, two other letter carriers escorted Plaintiff to his vehicle, and Plaintiff left the premises.

Postal Inspectors instructed Moore to report to the Houston District Office the next day for an interview, in conjunction with a "Zero Tolerance Policy" investigation.[3] Moore attended the interview and provided a typed statement, but did not participate further. After Moore left, Postmaster Jimmy Hoobler issued a memorandum placing Moore on non-duty, non-pay status under Article 16.7 of the Collective Bargaining Agreement. The local union entity, National Association of Letter Carriers, Branch 283 ("Branch 283") filed a grievance on November 2, 2005 protesting the 16.7 memorandum.

---

[2] NALC apparently presented these facts – and others cited by the Court in this Memorandum and Order – while it was representing Moore during the arbitration. *See* Award at 6-7 (under "Position of the Union – Merits").

[3] Although neither party has provided this policy, it appears to ban any violence in the workplace.

2

On December 2, 2005, Plaintiff received a Notice of Proposed Removal for "Improper Conduct – Assaulting a Supervisor." Branch 283 filed a grievance on December 13, 2005, regarding this Notice.[4] Neither grievance was resolved, and the national union entity (NALC) appealed both matters to arbitration. An arbitration took place on March 2, 2006. According to the Award, the proceeding focused on two questions: 1) whether just cause existed for the 16.7 action on October 21, 2005, and 2) whether management had just cause to issue the December Notice of Proposed Removal. Award at 2.

At the arbitration, Moore was assisted by a NALC representative. All of the individuals present on the back dock at the time of the incident testified. Steward Garcia corroborated McIntosh's account that she had been hit and forcefully pushed by Moore. Letter carrier Troy Ray stated that he had turned his back and did not witness the incident, but that Moore did not touch McIntosh. Steward Irma Salinas, while not an eyewitness, offered testimony that seemed to corroborate that McIntosh had been hit. The Union presented several witnesses who essentially offered character evidence to the effect that Moore would not or could not have assaulted McIntosh.[5]

In the Award, issued in April 2006, the Arbitrator concluded that "[g]iven the seriousness of the charge of assault and the fact that the Postal Service is trying to enforce its Zero Tolerance Policy (agreed to by the Union), the Service did have just cause for the 16.7 placement." Award at 12. With regard to the Notice of Proposed Removal, the arbitrator found that Moore had committed an assault on McIntosh in violation of the Zero Tolerance Policy, and that "[r]emoval is not such a harsh penalty under the

---

[4] Plaintiff was subsequently terminated by the Postal Service, although the submissions are not clear as to when that occurred.
[5] Several witness statements, including Troy Ray's, are also attached to Plaintiff's original Complaint.

3

circumstances as to require that it be overturned." Award at 16-17. The arbitrator cited the hearing testimony corroborating McIntosh's account of events, and found that Troy Ray's account of the incident was not credible. Therefore, both grievances were denied.

In the Complaint, Plaintiff alleges that the arbitration proceeding was unfair, and asks the Court to vacate the arbitration award and return him to work with back pay. Plaintiff also states claims for wrongful termination and breach of contract. NALC and Branch 283 now move to dismiss Plaintiff's case as it lies against the union Defendants.[6]

## II. ANALYSIS

### A. Failure to Serve

Defendants NALC and Branch 283 first move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(5), arguing that NALC is the only union entity whose conduct is at issue in this case, and that while Branch 283 was properly served, NALC was not. Defendants explain that NALC and Branch 283 are separate from one another; NALC "is the collective bargaining representative of city letter carriers employed by the USPS . . . and acts at the local level for certain purposes through affiliated local labor organizations called 'branches,' of which the Branch is one." Defs.' Mot. to Dismiss 4. Both entities move to dismiss because it is unclear from the caption of the case which union party Plaintiff intended to sue.[7]

Plaintiff clarifies in response, however, that he "did not intend to sue the national, and does not believe that he sued the national." Pl.'s Resp. 2-3. Therefore, aside from the question of whether service on the local branch effects service on the national union, Plaintiff admits that only one union entity – the local Branch 283 – is a Defendant in this

---

[6] The parties agree that the wrongful termination claim implicates only the Postal Service, and it will not be discussed herein.
[7] The original Complaint refers to the "National Association of Letter Carriers, AFL-CIO, Branch 283."

4

case. Because there is no dispute that Branch 283 has been served, the Court denies Defendants' motion to dismiss under Rule 12(b)(5).

### B. Failure to State a Claim

Defendants also move to dismiss Plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2006). A district court will dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

#### 1. Arbitration proceeding and award

Defendants argue that Plaintiff has articulated no valid ground on which to vacate the arbitration award. While the Court would likely agree with Defendants' arguments, it need not apply the legal standards applicable to reviewing an arbitration award, because Plaintiff has sued the wrong union entity.

According to Defendants, only NALC, not a local branch, can appeal a grievance to arbitration. Defs.' Mot. to Dismiss 4 (citing to the relevant provision of the Collective Bargaining Agreement). At the arbitration itself, NALC, not the local branch, represents the employee. *Id.* Indeed, Moore was assisted by a NALC representative at the arbitration.

In response, Moore does not dispute Defendants' explanation of the grievance and arbitration processes, but continues to assert that "the Union" acted improperly at the

arbitration itself.  For example, Plaintiff states that "[t]he Union allowed the Arbitrator to ignore the fact that the Zero Tolerance Policy was violated," "[t]he Union did not object to or request a continuance of the arbitration hearing," and "Lynette Parks, the Union Representative assigned to defendant Plaintiff was not experienced in hearings for termination."  Pl.'s Resp. 3-4.  By Plaintiff's own admission, "the Union" must refer to the only union Defendant named in the case, which is Branch 283.  Because Branch 283 had no involvement in appealing the case to arbitration or representing Moore during the proceeding, all arbitration-related claims against the Branch must be dismissed with prejudice.  Plaintiff cannot prove any set of facts in support of his allegations stemming from the arbitration that would entitle him to relief against Branch 283.

### 2.  Breach of contract/Duty of fair representation

Some of Plaintiff's assertions point to union conduct not directly associated with the arbitration, under the general claim that Branch 283 breached its contractual relationship with Moore.  According to Plaintiff, "Defendant Union had a contractual and a fiduciary duty to represent and to defend Plaintiff's contractual rights, which it failed to do."  Pl.'s Compl. 6.  More specifically, the Complaint argues that the union had a duty "to amend the Grievance to include the termination, when the termination occurs.  The Union did not amend the grievance." [8]  *Id.*  Plaintiff's response to the motion to dismiss introduces a raft of new contentions against "the Union," many of which contain no factual assertions, but rather only gesture at unexplained legal arguments (*e.g.*, "[t]he Union did not protect Plaintiff's *Fifth Amendment* property right in his employment or

---

[8] Under the "breach of contract" section, the Complaint also contends that the union did not provide Moore with a knowledgeable representative to assist him, and that Prissy Grace, the union president, did not testify on his behalf at the arbitration.  Pl.'s Compl. at 6-7.  As already discussed, however, any allegations against Defendant Branch 283 relating to the arbitration must be dismissed with prejudice, because Branch 283 did not represent Moore during that proceeding.

6

due process rights," and "[t]he Union did not force the Postal Service to go by the *Douglas Factors."*). The Court agrees with Defendants that these claims generally appear to invoke the Union's duty of fair representation which, if breached, "provides an exception to the general rule that courts will not entertain challenges to an arbitral decision or a grievance settlement when the collective bargaining agreement specifies that such a resolution is final." *Landry v. The Cooper/T. Smith Stevedoring Co., Inc.*, 880 F.2d 846, 850-51 (5th Cir. 1989).

Even considering the claims introduced for the first time in the response to the Motion to Dismiss, Plaintiff's allegations are prohibitively vague and conclusory.[9] The Court is mindful of its duty to view the well-pleaded facts in the light most favorable to Plaintiff; as the allegations are currently articulated, however, the Court is skeptical that Plaintiff will be able to demonstrate any actionable wrongdoing by the Branch, much less prove that the Branch's actions were arbitrary, discriminatory, or in bad faith, as required to sustain a duty of fair representation claim. *E.g.*, *United Steelworkers of America v. Rawson*, 495 U.S. 362, 372 (1990). On the other hand, the Court is hesitant to dismiss Plaintiff's case entirely when the inadequacy of the pleadings so heavily obscures what merits his contentions might have. Therefore, Plaintiff's claims relating to Branch 283's duty of fair representation are dismissed without prejudice to re-pleading.

---

[9] The Court is by no means obligated to consider the additional contentions that appear in Plaintiff's response to the motion to dismiss. Under Federal Rule of Civil Procedure 12(b), when "matters outside the pleading are presented to" to the Court in connection with a Rule 12(b)(6) motion to dismiss, the Court can exclude such matters. Alternatively, if such matters are "not excluded by the Court, the motion shall be treated as one for summary judgment . . ." This conversion of a Rule 12(b)(6) motion to a Rule 56 motion can occur even when it is the pleader, rather than the moving party, who submits matter outside the challenged pleading. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed. 2004); *see also Flores v. Sullivan*, 945 F.2d 109, 111 n.3 (5th Cir. 1991) (approving conversion to a Rule 56 motion because the district court considered matter outside the pleadings, namely affidavits attached to the response to the motion to dismiss). A summary judgment ruling is wholly premature in this case, however. The Court chooses to exclude all matters outside the pleading and afford Plaintiff a chance to re-plead.

### III.    CONCLUSION

Defendants' Motion to Dismiss is **GRANTED.**  Plaintiff's claims against Branch 283 relating to the arbitration are dismissed with prejudice.  Any claims going to Branch 283's pre-arbitration duty of fair representation are dismissed without prejudice.  Plaintiff may re-plead those allegations within fifteen days of the entry of this order.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 10th day of May, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**