UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RICHARD ALLEN MOORE,** § | |
| § | |
| **Plaintiff,** § | |
| v. § | |
| § | **CIVIL ACTION NO. H-06-cv-1611** |
| **UNITED STATES POSTAL SERVICE,** § | |
| through **JOHN POTTER, POSTMASTER** § | |
| **GENERAL,** § | |
| **NATIONAL ASSOCIATION OF** § | |
| **LETTER CARRIERS, AFL-CIO,** and § | |
| **NATIONAL ASSOCATION OF LETTER** § | |
| **CARRIERS, BRANCH 283,** § | |
| § | |
| **Defendants.** § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Reconsideration of the Court's May 10, 2007 ruling on Defendants' Motion to Dismiss. In that Memorandum and Order, the Court dismissed with prejudice any claims against the National Association of Letter Carriers, Branch 283 ("Branch 283") for wrongdoing associated with Plaintiff's arbitration proceeding, because Defendants asserted without contravention (and demonstrated by pointing to relevant portions of the collective bargaining agreement) that only NALC (National Association of Letter Carriers, AFL-CIO), not Branch 283, was responsible for requesting and handling the grievance. The Court also agreed with Defendants that Plaintiff's allegations against Branch 283 relating to the pre-arbitration duty of fair representation were impermissibly vague.

Plaintiff admitted in his response to the Motion to Dismiss that he did not sue NALC. Despite these defects in pleading and litigation strategy, and to afford Plaintiff another opportunity properly to state his claims, the Court took two steps: 1) permitting Plaintiff to amend and re-serve his Complaint, to add NALC as a party and assert claims relating to the arbitration; 2) dismissing the claims against Branch 283 without prejudice, so that Plaintiff could re-plead his allegations

1

relating to pre-arbitration conduct with greater specificity.  In fact, Plaintiff has filed an Amended Complaint, adding NALC as a defendant, and has been granted an extension of time to serve same.

In the motion for reconsideration, Plaintiff seeks to withdraw his statement that he did not intend to sue NALC.  As should be plain from the above summary of the Court's recent rulings, the Court has already granted the relief that Plaintiff seeks – a chance to assert claims against NALC – and Plaintiff's purpose in filing the motion for reconsideration is therefore unclear.  At best, the motion is unnecessary, and is therefore **DENIED.**

**IT IS SO ORDERED**.

**SIGNED** this 31st day of May, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**