UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RICHARD ALLEN MOORE,** § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CIVIL ACTION NO. H-06-1611 |
| **UNITED STATES POSTAL SERVICE,** § | |
| through JOHN POTTER, POSTMASTER § | |
| GENERAL, NATIONAL ASSOCIATION § | |
| OF LETTER CARRIERS, AFL-CIO, and § | |
| NATIONAL ASSOCIATION OF § | |
| LETTER CARRIERS, BRANCH 283, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint filed by the National Association of Letter Carriers, AFL-CIO, and National Association of Letter Carriers, Branch 283. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 44, should be and hereby is **GRANTED.**

### I.   BACKGROUND

This case arises from an unfavorable arbitration award entered against Plaintiff, after he had been suspended and terminated from his job as a postal worker. A summary of background facts is set forth in the Court's Memorandum and Order of May 10, 2007.

In that Memorandum and Order, the Court granted Defendants' first Motion to Dismiss. All claims against the National Association of Letter Carriers, Branch 283 ("Branch 283") arising from the arbitration itself were dismissed with prejudice, as it was the national union (National Association of Letter Carriers, AFL-CIO, or "NALC") that

1

requested and handled the arbitration, not the Branch.[1]  The Court dismissed claims against Branch 283 relating to pre-arbitration conduct without prejudice, finding that Plaintiff's allegations in the original complaint were impermissibly vague and conclusory.  Plaintiff was granted leave to amend his complaint, in order to add NALC as a defendant and to supplement his allegations regarding Branch 283's pre-arbitration conduct.

Plaintiff amended his complaint on May 25, 2007.  The new complaint is identical to the original, except that it adds a claim for breach of the duty of fair representation by NALC and Branch 283.  Plaintiff retains his three original claims: 1) to vacate the arbitration award against him, 2) wrongful termination, alleged only against Defendant United States Postal Service, and 3) breach of contract against all defendants.  NALC and Branch 283 now move to dismiss those claims in the amended complaint that implicate the union defendants.

## II.     ANALYSIS

### A. Failure to State a Claim

Defendants move to dismiss the first amended complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6) (2006).  A district court will dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).  When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the

---

[1] Although both union defendants moved to dismiss the original Complaint, Plaintiff clarified in his response to the motion that he had intended to sue only the branch, not the national.  Therefore, Branch 283 was the only union defendant originally named in the suit.

2

plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1992).

### 1. Breach of contract

The amended complaint alleges that "Defendant Union had a contractual and a fiduciary duty to represent and to defend Plaintiff's contractual rights, which it failed to do." Specifically, Plaintiff claims that the union defendants[2] did not "amend the grievance to include the termination"; the union defendants did not provide a knowledgeable representative to assist him at arbitration; and union President Prissy Grace did not testify on Plaintiff's behalf, after representing that she would do so. Pl.'s Am. Compl. 7. In its May 10, 2007 Memorandum and Order, the Court opined that these assertions (which remain unchanged from the original complaint) appear to invoke the union defendants' duty of fair representation, rather than any contractual duty arising from the collective bargaining agreement or other document. In general, employees' claims against unions for failure properly to process their grievances fall under the duty of fair representation. *See, e.g.*, *Landry v. The Cooper/T. Smith Stevedoring Co.*, 880 F.2d 846, 849 (5th Cir. 1989) (writing, in a case involving contentions that a union mishandled an employee's grievances, "[a]n employee's cause of action against his union for breach of the duty of fair representation is implied by the courts from the statutory scheme of federal labor law.") (citing *Vaca v. Sipes*, 386 U.S. 171 (1967)). Plaintiff has amended his complaint to add a duty of fair representation claim. Therefore, the Court

---

[2] Even though the Court made clear in its ruling on Defendants' first Motion to Dismiss that Branch 283 and NALC are two different entities, the amended complaint continues to refer only to "Defendant Union."

3

will consider Plaintiff's specific assertions under that rubric, and dismisses the breach of contract claim against NALC and Branch 283 with prejudice.

### 2. Duty of fair representation

A union has a duty of fair representation towards its members which, if breached, "provides an exception to the general rule that courts will not entertain challenges to an arbitral decision or a grievance settlement when the collective bargaining agreement specifies that such a resolution is final." *Landry*, 880 F.2d at 850-51. The duty is breached "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *United Steelworkers of America v. Rawson*, 495 U.S. 362, 372 (1990) (internal quotation marks omitted). However, this standard recognizes that a "wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents." *Id.* (internal quotation marks omitted). No breach of the duty occurs, therefore "through simple negligence or a mistake in judgment. . . . We have upheld a determination that a union did not breach its duty when its conduct in processing an employee's grievance was 'less than enthusiastic' and 'not perfect.'" *Landry*, 880 F.2d at 852 (citations omitted). Rather, the union's conduct must have "undermined the fairness or integrity of the grievance process." *Id.* (citing *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567-69 (1976)).

In ruling on Defendants' first motion to dismiss, the Court observed that the majority of Plaintiff's contentions regarding the duty of fair representation were introduced not in his complaint, but in his response to the motion to dismiss. Using its discretion under Rule 12(b)(6) with regard to matters outside the pleadings, the Court chose to disregard these additional contentions and afford Plaintiff leave to amend the

4

complaint.  However, the Court noted that "[e]ven considering the claims introduced for the first time in the response to the Motion to Dismiss, Plaintiff's allegations are prohibitively vague and conclusory."  In adding a duty of fair representation claim, Plaintiff has simply transferred, almost verbatim, the contentions from his response to the first motion to dismiss to the amended complaint.  Now that it is clear that Plaintiff intends to rest on these allegations, the Court finds that even when viewing them in the light most favorable to Plaintiff, no claim has been stated upon which relief can be granted.  Plaintiff has asserted no set of facts that could meet the high, three-pronged standard for finding a breach of the duty of fair representation.

Many of Plaintiff's claims relating to the duty of fair representation are not factual allegations at all, but merely vague references to legal standards, the relevance and significance of which remain unexplained.  For example, the amended complaint states that "Defendant Union" "allowed Plaintiff's just cause standard rights set out in the *Garrity* and *Kalkines* cases to be violated"; "allowed the Postal Service to violate Plaintiff's rights under *Chapter 75 of the Civil Service Reform Act*"; "did not require the Postal Service to follow the procedures required by *5 U.S.C. §7513(b)*"; "did not force the Postal Service to go by the *Douglas Factors*"; and "did not bring up the five part *Metz* test."  Pl.'s Am. Compl. 8.  These are legal conclusions, not well-pleaded facts, which do not give rise to a claim upon which relief can be granted.

Plaintiff's "factual" contentions also fail to state a claim that the union defendants' conduct was arbitrary, discriminatory, or in bad faith.  For example, Plaintiff points to certain alleged deficiencies in Defendants' handling of his arbitration, including the assignment of a union representative "who was not experienced in hearings for

5

termination," and the failure to request a continuance of the hearing to allow additional witnesses to testify. Pl.'s Am. Compl. 9-10. Plaintiff's assertions with regard to his union representative are conclusory, and his allegations regarding the details of the hearing would at most constitute negligence, which is not the standard for finding a breach of the duty of fair representation. The amended complaint also states that the union defendants "allowed" various improprieties to occur, including Plaintiff's suspension without pay. *Id.* at 7. However, the undisputed facts show that the union defendants diligently contested all of the disciplinary actions taken against Plaintiff. The arbitration award (attached as Exhibit A to Plaintiff's original complaint) demonstrates that Branch 283 timely filed two grievances relating to Plaintiff's suspension and termination; NALC appealed the denial of the grievances to arbitration, and filed post-hearing briefing; all eyewitnesses to the incident testified at the hearing; certain character witnesses testified on behalf of Plaintiff; and the arbitrator weighed the credibility of the evidence in arriving at his decision.

Because Plaintiff has alleged no facts that would suggest arbitrary, discriminatory, or bad faith conduct by the union defendants, his claim for breach of the duty of fair representation is dismissed with prejudice. In addition, an individual employee may bring an action against his employer for breach of contract only if he has proven that his union breached its duty of fair representation. *E.g.*, *Bowen v. United States Postal Serv.*, 459 U.S. 212, 243 (1983); *Vaca*, 386 U.S. at 186. Plaintiff's breach of contract claim against Defendant United States Postal Service ("USPS") is therefore dismissed with prejudice. Plaintiff's claim for wrongful termination against Defendant USPS is

6

grounded in breach of contract, and must also be dismissed with prejudice.[3]  *See, e.g.*, *Hines*, 424 U.S. 564-65.  Finally, in circumstances where, as here,[4] an arbitration and grievance procedure articulated in a collective bargaining agreement is the exclusive and final remedy for breach of the CBA, an employee "is bound by the procedure's result *unless* he proves the union breached its duty of fair representation." *Landry*, 880 F.2d at 850.  Therefore, Plaintiff's claim to vacate the arbitration award is also dismissed with prejudice.

### III.  CONCLUSION

Defendants' Motion to Dismiss is **GRANTED.**  Plaintiff's claims against Defendants USPS, NALC, and Branch 283 are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 30th day of July, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[3] Plaintiff's wrongful termination claim states that "Postal Service management violated Article 16 of the National Agreement by taking Plaintiff off the clock without pay."

[4] Article 15.4.A.4 of the National Agreement between NALC and the USPS provides that "[a]ll decisions of an arbitrator will be final and binding."  Defs.' Mot. Dismiss, Ex. 1 at 74.